# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

PURCELL HARTISON,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )          No. 4:07CV1328 RWS
                                     )
CJC, et al.,                         )
                                     )
                Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Purcell Hartison (registration no. 38936), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.83. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $29.17, and an average monthly balance of $10.35. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.83, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the St. Louis City Justice Center, Gene Stubblefield (Superintendent of Justice Center), and Unknown Ferguson (Correctional Officer). Plaintiff alleges that defendants failed to protect him from an attack by another inmate in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks monetary relief.

Plaintiff alleges that he was stabbed by another inmate on June 19, 2007. Plaintiff claims that, at the time of the incident, there weren't enough correctional officers at the Justice Center to adequately supervise the inmates. Plaintiff further claims that the Justice Center had not adequately trained its employees to prevent

prisoners from attacking other prisoners. Plaintiff alleges that the dangerous conditions were a constant topic of discussion among the correctional officers and their captains.

## Discussion

The complaint survives initial review as to defendant Ferguson. As a result, the Court will order Ferguson to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Stubblefield was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B) as to Stubblefield.

As to the St. Louis City Justice Center, the complaint is frivolous because the Justice Center is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not

juridical entities suable as such."); <u>Catlett v. Jefferson County</u>, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Stubblefield or the St. Louis City Justice Center because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Unknown Ferguson.[1]

---

[1]Unknown Ferguson is alleged to be a correctional officer at the St. Louis City Justice Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Ferguson shall reply to the complaint in accordance with the terms of Rule 12 of the Federal Rules of Civil Procedure.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of August, 2007.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE